GEORGE D. DAVIDSON COMPANY OF CALIFORNIA, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14659.   Promulgated November 12, 1928.

*A. Calder Mackay, Esq.*, for the petitioner.
*Shelby S. Faulkner, Esq.*, for the respondent.

OPINION.

MARQUETTE: Section 234 (a) (2) of the Revenue Act of 1921 reads as follows:

SEC. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

\* \* \* \* \* \* \*

(2) All interest paid or accrued within the taxable year on its indebtedness, except on indebtedness incurred or continued to purchase or carry obligations or securities (other than obligations of the United States issued after September 24, 1917, and originally subscribed for by the taxpayer) the interest upon which is wholly exempt from taxation under this title.

To " accrue " means to come into existence; to accumulate; to become vested: Standard Dictionary; Webster's Dictionary; Bouvier's Law Dictionary; Words and Phrases Judicially Defined. In the sense in which the word is used in the above statute, interest deduc-

tible as accruing in any taxable year means interest which has come into existence, has become vested, during such taxable year. The same statute, above quoted, in other sections provides for deductions for losses sustained during the taxable year; for ordinary and neces-sary expenses paid or incurred during the taxable year; for debts ascertained to be worthless and charged off within the taxable year. It is, we think, manifest that Congress did not intend to permit a deduction in any taxable year for interest which, if it became a debt at all, became so, prior to the year in which it is sought to deduct it. The principle has been followed by this Board in numerous decisions respecting other deductions allowed by the statute, and we are of opinion that the rule, *in pari materia*, should apply here. The petitioner is no more entitled under the statute to deduct interest charges which accrued, if at all, prior to the taxable year, than it would be to deduct losses, bad debts, or ordinary expenses which arose in prior years.

The object sought by the statute is, a reflection of the true net income of the taxpayer for the taxable year. See section 232, Revenue Act of 1921, *John W. Butler, Inc.*, 1 B. T. A. 1105; *Ernest M. Bull, Executor*, 7 B. T. A. 993. In the instant proceeding, the interest on trade balances for years prior to the taxable year should be reflected in the accounts for such years. To cumulate them all into one year does not reflect the true net income, as required by the statute, for either the taxable year or the prior years.

There is no proper basis on which we can sustain the petitioner's allegations of error, and we shall enter

*Judgment for the respondent.*